IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY KRONTZ,

        Plaintiff,

vs.                                          Case No. 19-4081-SAC

CNG LOGISTICS, LLC,

        Defendant.

MEMORANDUM AND ORDER

The defendant CNG Logistics, LLC ("CNG") moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the plaintiff Rodney Krontz's count one claim of age discrimination. ECF# 25. The complaint alleges Krontz, a 56-year-old man, was hired as a truck driver in April of 2017 and terminated in February of 2019 for driving away his truck while it was still attached to the fuel pump hose. The complaint also asserts a claim of disability discrimination and alleges factual circumstances related to his physical condition, medical treatment of the same, his need for additional surgery, and the employer's termination of him a month before his scheduled surgery. The complaint alleges the plaintiff knows of other employees who also moved their trucks while attached to the fuel pumps but were not terminated. As for age discrimination, the plaintiff's complaint alleges no more than this conclusory paragraph, "Rodney has been subjected to unlawful discrimination based on

his age in violation of the Age Discrimination in Employment Act for which he is entitled to damages." ECF# 1, ¶ 21.

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)," *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000), and the same standards govern motions under either rule, *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). Looking only at the contents of the complaint, the court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). To withstand such a motion, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

That they share governing standards does not mean that Rule 12(c) motions are the same as Rule 12(b) motions. A motion proceeding under Rule 12(c) occurs only after the pleadings are closed and "'is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice.'" *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1281 (D. Kan. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509-10 (2d ed. 1990)). "'A motion for judgment on the pleadings, however, theoretically is directed towards a determination of the substantive merits of the controversy; thus, courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner.'" *Id.* at 1281-82 (quoting 5A Wright & Miller, § 1369, at 532-33).

The defendant CNG's 12(c) motion challenges the plaintiff's complaint not on the grounds of failing to state a claim for substantive reasons but on the procedural grounds for failing to allege sufficient facts in the pleading. This distinction is important as Judge Lungstrum explains in *Bushnell*:

> Accordingly, in ruling on defendant's motion, the court will consider whether, with respect to a particular cause of action, plaintiff fails to state a claim for substantive reasons or because of what Wright and Miller would term procedural defects in the pleading. The court stresses that defendant properly brought its motion under rule 12(c) in either case. The distinction, however, affects the court's disposition of

3

> the claims at issue here because plaintiff, in its brief in opposition to the motion, has requested leave to amend its complaint in the event that it has failed to state a claim properly.
>
> Where the challenge to a claim is substantive, the motion more comports with the usual purpose of a motion under rule 12(c), and judgment in favor of defendant is appropriate if the challenge is successful. In that case, plaintiff loses not for failure to plead certain facts, but because the facts that have been alleged, accepted as true for purposes of the motion, nonetheless do not give rise to liability under a recognized cause of action.
>
> If, on the other hand, plaintiff does not state a claim with respect to certain allegations because the procedural pleading requirements of Fed.R.Civ.P. 8(a) have not been met, judgment for defendant is not necessarily the proper result here. Rather, the court concludes in its discretion that plaintiff should be permitted to cure the procedural deficiencies by filing an amended complaint.

*Bushnell Corp. v. ITT Corp.*, 973 F. Supp. at 1282. The court recognizes and applies this distinction here. Thus, if the plaintiff's pleading is deficient, he will be allowed to seek leave to file an amended count one to cure the defective pleading which is the routine followed with motions filed before the close of pleadings.

The Tenth Circuit recently summarized what suffices for pleading a discrimination claim:

> A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Khalik* [*v. United Air Lines*], 671 F.3d [1188] at 1193 [(10th Cir. 2012)](quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "While we do not mandate the pleading of any specific facts in particular," a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides "sheer speculation." *Id.* at 1194. "[A] plaintiff should have"—and must plead—"at least some relevant information to make the claims plausible on their face." *Id.* at 1193. Thus, it is insufficient for a plaintiff to allege, for instance, that

> she did not receive an employment benefit that "similarly situated" employees received. *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164 (10th Cir. 2014). A plaintiff's assertion that she is "similarly situated" to other employees is "just a legal conclusion—and a legal conclusion is never enough." *Id.* Rather, a plaintiff must allege "some set of facts"—not just legal conclusions—"that taken together plausibly suggest differential treatment of similarly situated employees." *Id.* "Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (internal quotation marks omitted).

*Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019). The plaintiff Krontz alleges "at least three other employees . . . pulled their trucks away while still attached to the pump" and were not "terminated for this mistake." ECF# 1, ¶ 15. The plaintiff does not allege any additional details showing that these other drivers do not share his protected age and that the other drivers were similarly situated in having violated the same governing policy at the time. Without these additional allegations, the plaintiff's allegation that the other drivers were not terminated for doing the same act is "insufficient to indicate that . . . discrimination was the plausible, rather than just the possible reason'" for his termination. *Id.* at 1275. Nor does the plaintiff's complaint allege he was terminated and replaced with someone younger. Like the Tenth Circuit concluded in *Bekkem*, the plaintiff's complaint "fails to give rise to a reasonable inference of [age] discrimination relating to the" termination. *Id.*

In opposing the defendant's motion, the plaintiff alleges other circumstances not found in his complaint. The plaintiff, however, has not

5

asked the court for an opportunity to amend his complaint to include these additional allegations but rather impliedly asks the court to presume they have been alleged and to deny the defendant's motion for judgment on the pleadings. Because the defendant's 12(c) motion attacks a pleading deficiency, the court will employ the routine followed with 12(b)(6) motions and grant the plaintiff an opportunity to seek leave for amending his complaint to allege additional details to cure the pleading deficiencies. Thus, the court shall dismiss the plaintiff's age discrimination count subject to the plaintiff filing a motion to amend his complaint to cure this pleading deficiency no later than 20 days after the filing date of this order.

IT IS THEREFORE ORDERED that CNG's motion for judgment on the pleadings (ECF # 25) is granted only insofar as the plaintiff Rodney Krontz's count one claim of age discrimination is dismissed subject to the plaintiff filing within 20 days a motion to amend count one to cure the pleading deficiency.

Dated this 15th day of January, 2020, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge