IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY KRONTZ,

           Plaintiff,

vs.                                                Case No. 19-4081-SAC

CNG LOGISTICS, LLC,

           Defendant.

MEMORANDUM AND ORDER

The defendant CNG Logistics, LLC ("CNG") has filed a sealed motion (ECF# 56) for leave to file under seal exhibits 2, 4, 6, 7, 8 and 11 in support of its motion for summary judgment (ECF# 57). CNG also has filed individual motions to seal each corresponding exhibit (ECF## 59—64). Finally, CNG has filed a motion for leave (ECF# 65) to file unsealed the remaining exhibits 1, 3, 5, 9, and 10 in support of its summary judgment motion. CNG states as the only justification for sealing that it "will protect the parties' intent of the Protective Order" and further the "interests of justice." ECF# 56, at ¶¶ 5 and 6.

"That a party's request to seal 'is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal.'" *Bullard v. Goodyear Tire and Rubber Co.*, No. 09-4024-SAC, 2011 WL 5248085, at *1 (D. Kan. Apr. 12, 2011) (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, 2010 WL

2653643 (D. Kan. Jun. 29, 2010). The higher standard for sealing is well stated in *Carefusion 213*:

> It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

*Carefusion 213*, 2010 WL 2653643 at *1 (footnotes, quotation marks and citations omitted). The courts employ the following procedure to carry out this important task. "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatwright*, 477 F.3d 1140, 1149 (10th Cir.2007) (internal quotation marks and citation omitted), *cert. denied*, 552 U.S. 1098 (2008). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D.Kan.2007).

CNG has utterly failed to follow this procedure and has not even attempted to carry its burden of overcoming this presumption. The public certainly is entitled to know why, how and on what basis the court will

decide the summary judgment motion. Thus, CNG must show what significant, non-speculative harm will come from not sealing and that this harm overcomes the presumption. The court has no choice but to deny summarily CNG's motions to seal but without prejudice to CNG promptly filing within one week a proper motion to seal specifically addressing each exhibit as to the harm coming from disclosure and how that harm outweighs the presumption of public access.

CNG's recent motion to file its remaining exhibits as unsealed is granted.

IT IS THEREFORE ORDERED that CNG's sealed motion for leave to file under seal summary judgment exhibits, ECF# 56, and CNG's individual motions to seal each corresponding summary judgment exhibit ECF## 59, 60, 61, 62, 63 and 64 are denied without prejudice to CNG promptly filing within one week a proper motion to seal specifically addressing each exhibit and carrying its burden as outlined above;

IT IS FURTHER ORDERED CNG's motion for leave ECF# 65 to file its remaining summary judgment exhibits as unsealed is granted.

Dated this 16th day of September, 2020, Topeka, Kansas.

                       _/s Sam A. Crow_____
                       Sam A. Crow, U.S. District Senior Judge